IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MOHAMED R. MAHFOUZ, as Seller's Representative and on behalf of TechMah CMF LLC, <br><br> Plaintiff, <br><br> v. <br><br> DEPUY SYNTHES PRODUCTS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 25-445-JLH-EGT ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington, this 19th day of December 2025:

Presently before the Court is the motion of Defendant DePuy Synthes Products, Inc.'s ("Defendant" or "DePuy") to stay discovery (D.I. 33) pending a decision on Defendant's motion to dismiss (D.I. 11).[1]  For the reasons set forth below, Defendant's motion to stay is DENIED.

I.  **BACKGROUND**

The Court has set forth a detailed factual background in a prior opinion. (*See* D.I. 43). The Court will not revisit those facts and instead will limit the discussion here to the facts relevant to the motion at issue.

Over the past few years, Plaintiff Dr. Mohamed R. Mahfouz ("Plaintiff") and DePuy were engaged in a joint venture to develop certain craniomaxillofacial ("CMF") products. On April 9, 2025, Plaintiff filed the present lawsuit against DePuy on behalf of TechMah CMF LLC, alleging that DePuy breached two agreements between the parties relating to the development of those CMF products.  (D.I. 2 ¶¶ 111-29 (alleging breach of an Interest Purchase Agreement ("IPA") and

---

[1]  By separate filing today, the Court has issued a Report and Recommendation on Defendant's motion to dismiss. (D.I. 43).

breach of a Development Agreement)). Plaintiff also accuses DePuy of conversion of certain intellectual property, as well as trade secret misappropriation under the Delaware Uniform Trade Secrets Act ("DUTSA") and the federal Defend Trade Secrets Act ("DTSA"). (*Id.* ¶¶ 130-59). On May 23, 2025, Defendant filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to adequately plead any of the foregoing claims in the Complaint. (*See* D.I. 23 & 24). Three months later, on August 22, 2025, Defendant filed the present motion to stay discovery pending a decision on its motion to dismiss. (*See* D.I. 33). Briefing was complete on September 12, 2025. (D.I. 35 & 39). On today's date, the Court issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to dismiss be denied as to Plaintiff's claim that DePuy breached the IPA by failing to purchase TechMah, but recommending the remaining claims in the Complaint be dismissed. (D.I. 43).

## II.     LEGAL STANDARD

The decision of whether to stay litigation is a matter left to the Court's discretion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). In exercising this discretion, courts typically consider and balance three factors: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017); *see also St. Clair Intell. Prop. Consultants v. Sony Corp.*, No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

## III.     DISCUSSION

### A.     Simplification of Issues for Trial

According to Defendant, a stay pending decision on the motion to dismiss would simplify the issues for trial because the entire case would be resolved if the motion to dismiss is granted.

2

(D.I. 33 at 5). But, as this Court has noted previously, complete dismissal of the case is only one possible outcome of Defendant's motion to dismiss. *See Inari Med., Inc. v. Inquis Med., Inc.*, No. CV 24-1023-CFC-EGT, 2025 WL 637958 (D. Del. Feb. 27, 2025). Wholesale denial of Defendant's motion (where no issue simplification results) and partial dismissal (where some issue simplification may result) are also possible outcomes. The likelihood that Defendant succeeds in dismissing all of the claims raised in the Complaint is low. *See Bataan Licensing LLC v. DentalEZ, Inc.*, C.A. No. 22-238, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023) ("In considering the prospects for simplification, the Court shall assess all of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of – not just the potential outcome most favorable to the party seeking the stay.").

Indeed, the Court has now issued its R&R recommending dismissal of certain claims but allowing the breach of the IPA claim to proceed. Any argument in favor of a stay pending Defendant's motion appears moot, or at the very least any argument as to issue simplification is unlikely to prevail.[2] Because Defendant's motion to dismiss is now the subject of an R&R, which recommended at least the main claim proceed, this factor weighs against a stay.

B. **Status of the Litigation**

As Defendant points out, there has been little progress in this litigation. (D.I. 33 at 5-7). No scheduling order has been entered. No discovery has been taken. The only real activity in this case so far has been briefing on Defendant's motion to dismiss and motion to stay. (*See* D.I. 23, 24, 29, 30, 33, 35, 36 & 39). That this case is still in its early stages weighs in favor of a stay. *See, e.g.*, *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *5-6 (D. Del. Jan. 11, 2013) (despite schedule being entered and the parties exchanging some initial discovery,

---

[2] Notwithstanding the *de novo* standard of review, it is not unreasonable for the undersigned to believe that the outcome recommended in the R&R is correct.

3

status of litigation favored a stay where "the most significant case events" in litigation were in the future); *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *3-4 (D. Del. Jan. 15, 2014). That being said, the Court has earlier today issued an order directing the parties to prepare a proposed scheduling order. (D.I. 44).

### C. Undue Prejudice or Tactical Advantage

Defendant argues that there is no undue prejudice to Plaintiff from a stay pending decision on the motion to dismiss. (D.I. 33 at 7-8). In Defendant's view, there is no risk that evidence will be lost, and any additional harm to Plaintiff during the "brief delay" can be compensated with money damages. (*Id.* at 7). Defendant also argues that denial of a stay will force Defendant to "expend significant resources" to engage in discovery on issues that may end up being dismissed from the case. (*Id.* at 7-8).

Plaintiff argues that it would be seriously prejudiced by a stay. (D.I. 35 at 5-7). As to evidence, Plaintiff explains that key witnesses have left TechMah and DePuy and that "certain categories of ESI are time-sensitive."[3] (*Id.* at 5). Plaintiff also argues that TechMah is suffering ongoing business strain from DePuy's alleged breach – strain that is compromising TechMah's ability to retain employees (including key witnesses) and continue operations. (*Id.*; *see also* D.I. 36 ¶¶ 6-9 (declaration from Plaintiff regarding harms currently being suffered)). Moreover, after DePuy failed to purchase TechMah under the IPA, DePuy has since acquired debt interest in TechMah. (D.I. 35 at 5-6; D.I. 36 ¶ 4). Plaintiff argues that TechMah is now limited in pursuing other commercialization efforts for its CMF products beyond DePuy (despite DePuy declining to purchase TechMah). (*Id.*). And any delay allegedly prolongs that harm. Plaintiff also argues that

---

[3] Yet Plaintiff offers no explanation as to what this ESI is or how it is "time-sensitive."

the several-month delay between DePuy filing its motion to dismiss and requesting a stay is evidence of DePuy seeking an unfair tactical advantage. (D.I. 35 at 7-8).

The Court disagrees that the timing of Defendant's motion necessarily suggests any inappropriate tactical advantage. The earlier that a motion to stay is filed, the less likely the Court is to infer that a delay was impermissibly tactical. *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508 (D. Del. 2012). Defendant filed the motion to stay about four months after the Complaint was filed and about three months after Defendant filed its motion to dismiss. But Defendant requested a stay before a scheduling order was entered and before any discovery had apparently commenced. Under these circumstances, the Court is unable to conclude that Defendant is attempting to use a stay to leverage an unfair tactical advantage.

As to Plaintiff's argument that it would be unduly prejudiced by a stay here, the Court agrees. Certain witnesses have apparently left the employ of TechMah and DePuy – and there is a concern that more witnesses will depart, necessitating third-party discovery. It also appears that Plaintiff's financial condition (and ability to continue CMF product development as originally planned) has been and continues to be materially affected by DePuy's failure to purchase TechMah under the IPA. (*See, e.g.*, D.I. 36 ¶¶ 5-7). Delay encourages those harms to continue unabated.[4]

Finally, the financial hardship suffered by Defendant in proceeding with discovery is not sufficient to warrant a stay in this case. In addressing the prejudice factor, the Court may consider "whether the moving party would face undue hardship or inequity in the absence of a stay." *FMC Corp. v. Summit Agro USA, LLC*, C.A. No. 14-51-LPS, 2014 WL 3703629, at *6 n.10 (D. Del. July 21, 2014). The Court recognizes that litigation costs money, but this type of economic harm

---

[4] Plaintiff emphasizes the "direct competitor" nature of the relationship between DePuy and TechMah and argues that this weighs against a stay. (D.I. 35 at 6). But Plaintiff has failed to show that it has a product on the market that competes with DePuy.

usually does not constitute the type of "undue hardship" relevant under this prong. *See id.* ("Defendants, in articulating the prejudice they face without a stay, have largely focused on the litigation costs involved in proceeding both in this Court and at the ITC at the same time. This type of economic harm, while real, has repeatedly been deemed by this Court not to amount to the kind of 'undue' hardship or inequity referenced in the case law."); *see also Personalized User Model, L.L.P. v. Google, Inc.*, C.A. No. 09-525-LPS, 2012 WL 5379106, at *2 (D. Del. Oct. 31, 2012); *Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 WL 5149351, at *2 n.1 (D. Del. Dec. 13, 2010). This is especially true where, as here, Defendant is a company of substantial means. Undue prejudice continues to weigh against a stay in this case.

* * *

Ultimately, after balancing the appropriate factors and mindful of the fact that Defendant's motion to dismiss is now the subject of a recommended denial-in-part, the Court finds that a stay is not appropriate here.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion to stay (D.I. 33) is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE