**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DR. MOHAMED R. MAHFOUZ, as Seller's Representative and on behalf of TechMah CMF LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 25-445-JLH-EGT |
| v. | ) ) | |
| DEPUY SYNTHES PRODUCTS, INC., | ) ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

At Wilmington, this 20th day of March, 2026;

WHEREAS, Magistrate Judge Tennyson issued a Report and Recommendation on December 19, 2025 (D.I. 43, the "R&R"), recommending that the Court deny-in-part and grant-in-part Defendant's Motion to Dismiss the Complaint for failure to state a claim (D.I. 23);

WHEREAS, on January 2, 2026, both Defendant and Plaintiff filed Objections to the R&R (D.I. 46, 47);

WHEREAS, on January 16, 2026, Defendant and Plaintiff filed Responses to the other's Objections (D.I. 51, 52);

WHEREAS, the Court reviews the Objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3) & 28 U.S.C. § 636(b)(1)(B),(C), and as such, has reviewed the Complaint (D.I. 2), the relevant contracts between the parties attached to the Complaint (D.I. 2-1, Ex. A and B), and the parties' briefing on the motion to dismiss (D.I. 24, 29, 30);

WHEREAS, Defendant objects to the R&R's conclusion that there's a question of fact regarding the materiality of a deadline provision, arguing that Judge Tennyson erred in considering the issue of materiality because it was not raised in the briefing (D.I. 46 at 1, 5);

WHEREAS, having reviewed the issue *de novo*, the Court concludes that materiality was raised by Plaintiff in its opposition to the motion to dismiss (D.I. 29 at 5–6),[1] and further concludes that the Complaint plausibly alleges facts sufficient to state a claim for breach of contract because the facts, taken as true, raise a genuine question as to materiality;[2]

WHEREAS, Plaintiff objects to the R&R's conclusion that the Complaint fails to plausibly allege that Defendant breached the termination provision of the Development Agreement (D.I. 2-1, Ex. A);

WHEREAS, having reviewed the issue *de novo*, I agree with Judge Tennyson that the Complaint fails to plead any facts suggesting that Defendant terminated the Development Agreement before its natural expiration on April 1, 2024, and further fails to plausibly plead facts suggesting a "voluntary and intentional relinquishment" of rights, as would be required to establish that Defendant waived the April 1, 2024 termination provision, *see Realty Growth Inv. v. Council of Unit Owners*, 453 A.2d 450, 456 (Del. 1982);

---

[1] I agree with Judge Tennyson that while the materiality argument was not particularly robust, it was sufficiently raised for the Court to consider—and for Defendant to have addressed in its reply brief. (R&R at 6–7.)

[2] Defendant further argues that the Complaint fails to allege any facts supporting disproportionate forfeiture. (D.I. 46 at 6.) I disagree. The Complaint adequately alleges facts, for purposes of a motion to dismiss, supporting disproportionate forfeiture. (*See, e.g.*, D.I. 23 ¶¶ 75, 87–90.) I also reject Defendant's argument that materiality in this case should be decided as a matter of law. (D.I. 46 at 6–8.) I agree with Judge Tennyson that, at this stage, more facts are necessary to determine whether the deadline was a material provision of the Interest Purchase Agreement. (D.I. 2-1, Ex. B.)

WHEREAS, Plaintiff further objects to the R&R's conclusion that the Complaint fails to plausibly allege Defendant misappropriated Plaintiff's trade secret information;

WHEREAS, having reviewed the issue *de novo*, I agree with Judge Tennyson that the Complaint fails to plausibly allege facts supporting trade secret misappropriation, given the broad and perpetual license the Development Agreement granted Defendant to use the very information alleged to be a trade secret;[3]

WHEREAS, the Court further agrees with Judge Tennyson that because Plaintiff's conversion claim is predicated on the same set of facts as a trade secret misappropriation claim, the conversion claim is preempted by the Delaware Uniform Trade Secrets Act, regardless of whether the information at issue ultimately qualifies as a trade secret, *see You Map, Inc. v. Snap Inc.*, No. 20-162, 2021 WL 106498, at *8 (D. Del. Jan. 12, 2021) (Hall, J.), *report and recommendation adopted*, 2021 WL 327388 (D. Del. Feb. 1, 2021);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Objections to the December 19, 2025 Report and Recommendation (D.I. 46, 47) are OVERRULED;

2. Judge Tennyson's December 19, 2025 Report and Recommendation (D.I. 43) is ADOPTED;

3. Defendant's Motion to Dismiss the Complaint (D.I. 23) is DENIED-IN-PART and GRANTED-IN-PART. The motion to dismiss is DENIED with respect to

---

[3] Plaintiff's strained argument that the license applies only to the Work Product IP and not the Products themselves was not raised in Plaintiff's original briefing, and I do not find good cause for the failure to address it. (*See* D.I. 47-1.) But even if I did consider this argument, I would reject it for two reasons: (1) Plaintiff acknowledged in previous briefing that Work Product IP includes the Products (D.I. 29 at 15 n.4), and (2) Plaintiff's proposed interpretation does not align with the plain reading of the contractual language.

Count One of the Complaint and GRANTED with respect to Counts Two through Five; and

4. Any request to amend to cure the above deficiencies must be filed on or before April 6, 2026.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE